# IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ARKANSAS
# PROBATE DIVISION

IN THE MATTER OF: MARY MOORE STINY,
INCAPACITATED PERSON

NO. PR 2014-88

## ORDER APPOINTING GUARDIAN OF THE ESTATE

Now on this 14th day of March, 2016, comes the above styled matter for hearing. Petitioner Summer Oldenburg appears by and through her attorneys, Coleman Taylor and Martin Lilly. Rena Powell Woods appears by and through her attorneys, Coleman Taylor and Martin Lilly. Petitioner Helen Robins appears by and through her attorney, Mark Johnson. Mary Moore Stiny appears *pro se*. Centennial Bank appears by and through its representative, Steve Baker, and its attorneys, Jim Lyons, David Tyler and Carla Rogers Nadzam. Based upon the record, pleadings filed herein, agreement of the parties, statements of counsel, and other matters and things before the Court, the Court doth find:

1. This Court has jurisdiction and venue is proper.

2. Mary Moore Stiny, a female, was born on March 17, 1940, and is seventy-six years old (76) years of age. Mary Moore Stiny resides in Lawrence County, Arkansas.

3. Summer Oldenberg filed a *Petition for Appointment of Permanent Guardian of the Person and Estate* on December 8, 2014.

4. Helen Robins filed a *Counter-Petition for Appointment of Permanent Guardian of the Person and Estate* on March 16, 2015. Helen Robins was appointed to serve as temporary guardian of the person of Mary Moore Stiny by order of this Court filed on August 31, 2015.

5. Helen Robins filed a *Motion for Emergency Appointment of Guardian* of the person of Mary Moore Stiny after the Temporary Order of Guardianship expired. On February 1, 2016, Helen Robins was appointed as the emergency temporary guardian of the person of

Mary Moore Stiny.

6. Centennial Bank filed an *Emergency Petition for Appointment of Temporary and Permanent Guardian of the Estate* on January 19, 2016. Centennial Bank was appointed as the emergency temporary guardian of the estate of Mary Moore Stiny on February 1, 2016.

7. Summer Oldenberg filed a *Verified Withdrawal as Petitioner for Appointment of Permanent Guardian of the Person and Estate* on or about March 14, 2016. Therefore, Helen Robins was the only person with a pending petition for appointment as guardian of the person of Mary Moore Stiny, and Centennial Bank was the only entity with a pending petition for appointment as guardian of the estate of Mary Moore Stiny.

8. Dr. Amit Sapra, conducted a Professional Evaluation of Mary Moore Stiny and gave a sworn written statement on March 14, 2016, which was received into evidence by the Court on March 14, 2016. See Exhibit "A" which is attached and incorporated herein as though set out word for word. The Court found that the sworn written statement met the requirements of Arkansas Code Annotated 28-65-211 and 28-65-212. Based on the sworn written statement given by Dr. Amit Sapra, the Court found that Mary Moore Stiny was incapacitated by reason of dementia and that she was in need of a guardian of her person as well as a guardian of her estate.

9. The Court found that Centennial Bank was qualified to serve as guardian of the estate and appointed Centennial Bank as permanent guardian of the estate of Mary Moore Stiny without objection.

10. The guardian of the estate is to possess all the powers which are available to guardians generally under the laws of the state of Arkansas.

11. The probate clerk is directed to issue Letters of Guardianship of the Estate upon receipt of Acceptance of Appointment by Centennial Bank as Guardian of the Estate.

12. On February 1, 2016, the Court found as follows:

> Mary Moore Stiny may be [a] beneficiary of the Stiny Family Trust, Survivor's Trust, Exemption Trust or Marital Trust which may have significant assets. Currently, there is no income or assets from any of the trusts being provided for Mary Moore Stiny's care. Centennial Bank Trust is ordered to investigate if there is income or assets from any of these trusts which should be used to provide for Ms. Stiny's financial needs and care. The Court directs all parties to cooperate with Centennial Bank in determining what assets are contained in each of these trusts, if there is income coming in[to] this trusts, whether Ms. Stiny should receive income from to meet her living expenses and provide any and all care necessary for her.

The Court further ordered that "Summer Oldenburg, Rena Powell Woods and Helen Robins are all directed to cooperate with Centennial Bank to do an Inventory and Accounting of the Estate." In addition, the Court ordered "that any and all income from all income from the Stiny Family Trust, Survivor's Trust, Exemption Trust or Marital Trusts shall be immediately transferred to Centennial Bank to be used for the benefit and care of Mary Moore Stiny."

13. Centennial Bank filed a *Petition for Citation for Contempt and for Other Relief.* Rena Wood testified that she was not present for the hearing on February 1, 2016, and that her attorney did not provide her with a copy of the order from that day. She testified that she did not receive copies of correspondence sent by an attorney for Centennial Bank Trust to her attorney, Mr. Coleman Taylor, on February 8, 2016, and February 22, 2016, which addressed the Court's orders with respect to the provisions contained in paragraph 12 above and requested cooperation from Summer Oldenburg and Rena Powell Wood. Ms. Wood further testified that she did not receive copies of emails sent by Paul Tennen, the President of the property management firm for apartment buildings believed to be an asset of one of the above identified trusts, which stated that he had been instructed that "all correspondence and requests must be sent through and granted by Rena Wood and her attorney Coleman Taylor."

14. Based on the testimony of Rena Wood, the Court stated that it was "not going to

find Ms. Wood in contempt today." The Court ordered that Ms. Wood and Ms. Robins follow the relevant portions of the emergency temporary order filed February 1, 2016, contained in paragraph 12 above and cooperate with Centennial Bank to identify any and all trusts and assets in which there was any possibility, whatsoever however remote, that Mary Moore Stiny in which might have an interest. Ms. Wood and Ms. Robins are to provide that information to Centennial Bank by March 23, 2016. The Court directed Ms. Rena Wood and Mr. Coleman Taylor to contact Paul Tennen and advise him that he can release any information he has to Centennial Bank by March 18, 2016. Furthermore, Ms. Rena Wood and Mr. Coleman Taylor is to provide written documentation that they contacted Paul Tennen and advised "him that he can release any information he has to Centennial Bank by March 18, 2016."

15. The Court authorized Centennial Bank to intervene in any action in Tennessee or elsewhere involving the Trusts identified in paragraph twelve (12) above and that Centennial Bank may need to file an actions or actions to recover funds or assets from First National Bank of Walnut Ridge.

IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that Centennial Bank is hereby appointed guardian of the estate of Mary Moore Stiny, an incompetent, with the guardian to possess all the powers which are available to guardians generally under the laws of the state of Arkansas; and that the clerk should issue Letters of Guardianship of the Estate.

_____
CIRCUIT JUDGE

_____4/12/2016_____
DATED